UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CHRISTIAN PATTERSON,

       Plaintiff

   -against-

THE CITY OF NEW YORK
DETECTIVE JOHN FAHIM
CAPTAIN WILLIAM RUSSO, DETECTIVE
JONMICHAEL RAGGI, Sh. #25725, DETECTIVE
MICHAEL ZAK, Sh. #05972, DETECTIVE ANTHONY
RICCI, Sh. #03652, SGT. IGNAZIO CONCA, Sh.#906
DETECTIVE CHRIS BRUNO, Sh. #3374, DETECTIVE
MATTHEW EDELMAN, Sh. #1856, P.O. STEVEN
SPINELLI, Sh.#18321, ROBERT WOODHOUSE
and POLICE OFFICER JOHN DOE 1-5
------------------------------------------------------------------------x

      MEMORANDUM OF LAW
      IN SUPPORT OF MOTION
      FOR SANCTIONS

      14-cv-5330 (PKC)(SN)

**Preliminary Statement**

This action was brought by Christian Patterson alleging an unlawful assault by police officers resulting in injuries including broken ribs. Because the plaintiff was injured while being arrested by the police officers, his medical records are in the control and custody of defendant New York City, as was his treatment. This motion for sanctions has been brought as a result of the discovery that defendant City of New York or its attorney appear to have deliberately removed from medical records which they are required to turn over by the standing order of this Court those records which actually mention the injuries. A detailed description of the evidence which shows that these records were likely deliberately withheld is set forth in the Declaration of Michael Colihan in support of the motion.

## POINT I

## THE DELIBERATE REMOVAL OF DOCUMENTS FROM DISCOVERY DESERVES THE SEVEREST OF SANCTIONS SINCE IT ATTACKS THE VERY INTEGRITY OF THE JUDICIAL PROCESS

"There is no point to a lawsuit, if it merely applies laws to lies. True facts must be the foundation for any just result. Sometimes. . .a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Valley Engineers Inc. v. Electric Engineering Company 158 F.3rd 1051, 1058 (9th Cir. 1998).  In Valley Engineers the 9th Circuit Court of Appeals upheld the case dispositive sanction of dismissal where despite thousand of pages of discovery, a single memo of 4 pages which addressed a central issue of the case was deliberately withheld.  The court noted that the offending party's adversaries would probably never even seen the memo if one of the parties' lawyers had not "been sharp enough to spot what was not there" when he spotted an obliterated handwritten note and another memorandum obliquely referring to it.  While the case at bar is relatively young compared to Valley Engineers, it is really only be sheer happenstance that it has not "taken years to shake loose" the two pages at issue here, still the language of the court of Appeals fits this case perfectly:


   Considering how Electric Engineering acted regarding the Carroll memorandum, it was a reasonable inference that if there was other discoverable material harmful to its case that its adversaries did not know about, it would be hidden forever. Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate. It was on this record.

Id.

It must be remembered that the defendant in this case has control of the plaintiff's relevant medical and other records since he was incarcerated. We cannot be sure that other records have not been withheld. The evidence which strongly suggests deliberate withholding of perhaps the most relevant medical records makes one wonder if there are not other injury related records. It is respectfully

asserted that such a violation of the integrity of the discovery process, even if caught with respect to two pages and early in the litigation should not be tolerated. Under the specific facts of this case it is clear that there can never be assurance of proceeding on the true facts.

It is respectfully asserted that what has been described in this case at present answers quite clearly to another description given by the Court in *Valley Engineers*: "What we describe about is evidence of a shocking betrayal of obligations to the court and opposing counsel." *Id*. At 1055.  As the magistrate judge and then the district judge did in *Valley Engineers* it should be found that the documents referencing the injuries to the plaintiff were "willfully hidden in a purposeful evasion of discovery obligations." *Id.*

That a violation of the type which has almost surely occurred herein is particularly egregious should be obvious. If a court finds that fraud has been practiced upon it, or that "the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. *Chambers v. Nasco* 501 US 32, 46, 111 S. Ct. 2123, 115 L. Ed. 2D 27 (1991).  Here, had a couple a pages not accidentally come through another route, a fraud would have been committed upon the Court in the trial of this action. Indeed for all we know there are other pages still being withheld.  But surely the intent was to defile the temple of justice by withholding an injured man's own medical records from him in order to evade the finding of the truth.

Given that these records are kept in electronic form, in substance holding back of these relevant pages involves the same intent destroying electronically stored information. See *Sekisui American Corporation v. Hart*, 945 F. Supp. 2d 494 (SDNY 2013)

This Court's § 1983 Plan [5(a)(iv)] is clear:

Any records obtained by the City pursuant to the Medical Releases. Medical records received after this date shall be produced to plaintiff within 7 days of receipt.

To have attempted to conceal and perhaps to continue to conceal medical records would be an act of contemptuous disregard for this Court's plan. It should be met with the severest sanctions. "[T]tampering with the administration of justice in [this] manner. . .involves far more than an injury to a single litigant. It is a wrong against institutions set up to protect and safeguard the public." *Chambers v. Nasco* 501 US 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2D 27 (1991).

At the last phone conference before this Court the plaintiff received permission to bring this motion.

## CONCLUSION

The Plaintiff's motion for sanctions should be granted and a sanction that meets the gravity of the violation should be imposed against the defendant City of New York and/or its counsel. In the alternative, the plaintiff requests a hearing and other inquiry concerning the matters raised by this motion

Dated:   Brooklyn, NY
         February 16, 2014

Respectfully submitted,

/s/ This is an electronic signature

Michael Colihan
Attorney for Plaintiff
44 Court Street, Suite 906
Brooklyn, NY 11201
718 488 7788